# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | | |
|---|---|---|---|
| JASON JONES, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No.: | 2:20-CV-78-PLR-DCP |
| HAMBLEN CO. SHERIFF'S DEPT., et al., | ) ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

Plaintiff, a prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking to challenge the circumstances of his 2018 arrest and subsequent conviction for aggravated burglary [Doc. 1]. The complaint is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.

## I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe

pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff maintains that on February 27, 2018, he was arrested at his home and charged with a crime for which he had just finished serving a 17-month prison sentence a week earlier [*See, generally*, Doc. 1 p. 1-14]. On March 8, 2019, Plaintiff was sentenced to a four-year-six-month term of incarceration for a conviction of aggravated burglary [*See id*. at 6-7]. Plaintiff maintains that his conviction violates double jeopardy principles, that he was arrested on a false detainer, that his probation was improperly revoked, that a warrant against him was obtained on falsified information, that he was given the wrong effective-sentence date, that he was brutally raped when he was arrested, and that he was denied a preliminary hearing [*Id*. at 1-14]. He asks the Court to issue a restraining order, reopen his criminal cases so that the charges may be overturned, expunge the felonies from his record, and award him monetary damages for false imprisonment, the denial of medical attention, and the excessive force used against him during his arrest [*Id.* at 15].

## III. ANALYSIS

As a preliminary matter, the Court notes that the instant allegations concerning Plaintiff's various criminal charges and February 2018 arrest were raised in a prior lawsuit in this Court that was dismissed for failure to state a claim upon which relief may be granted. *See Jason Jones v. Dugger et al.*, 2:19-cv-155 (E.D. Tenn. Sept. 25, 2019). However, the Court declines to sua sponte address the issue of whether res judicata bars the current action, *see Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (holding "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"), and turns to a consideration of the merits of Plaintiff's claims.

First, the Court finds that Plaintiff cannot now litigate the circumstances of his February 2018 arrest, as any claims surrounding that event are barred by the statute of limitations. Federal district courts apply the State's statute of limitations for personal injury actions in proceedings arising under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). Here, Plaintiff knew of the basis of his claim in February 2018 yet waited until February 2020 to file the instant action [Doc. 1 p. 15]. Accordingly, Plaintiff's claims for events surrounding his arrest must be dismissed.

Next, the Court finds that Plaintiff cannot challenge the fact of his current incarceration or the duration of his confinement in a § 1983 action, as judgment in his favor on such a claim would result in a speedier release from prison. As such, any federal remedy he might have for a claim surrounding the calculation of his sentence or his March 2019 conviction is through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action).

Finally, the Court finds that Plaintiff cannot obtain monetary compensation for the fact of a past or current incarceration unless he can prove that the conviction or sentence was reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As Plaintiff has not

3

demonstrated that any of his convictions or sentences have been overturned, this allegation fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be **DISMISSED WITH PREJUDICE**, and the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**